**Keri RICHARD, Plaintiff–Appellant**

v.

**DUPONT COMPANY, Defendant–Appellee.**

No. 10–30218
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 4, 2010.

Joseph Arthur Smith, III, Smith Law Firm, Baton Rouge, LA, for Plaintiff–Appellant.

Monique M. Weiner, Kuchler, Polk, Schell, Weiner & Richeson, L.L.C., New Orleans, LA, for Defendant–Appellee.

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Keri Richard sued DuPont Company for discrimination under the American with Disabilities Act and for wrongful termination under Title VII of the Civil Rights Act. The district court granted summary judgment in DuPont's favor. On appeal, Richard contends that the district court improperly weighed summary judgment

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence. We conclude that no genuine issue of material fact exists. Consequently, we AFFIRM.

We review a grant of summary judgment *de novo,* applying the same standard as the district court. *Noble Energy, Inc. v. Bituminous Cas. Co.,* 529 F.3d 642, 645 (5th Cir.2008). In determining whether a genuine issue as to any material fact exists, we examine the evidence in the light most favorable to the nonmoving party. *Fahim v. Marriott Hotel Servs., Inc.,* 551 F.3d 344, 348–49 (5th Cir.2008).

Richard began her employment as a full-time administrative assistant at DuPont in 1997. Richard contends that while she was employed at DuPont, she was substantially limited in the major life activity of thinking. Her limitations allegedly were caused by depression and anxiety. According to Richard, DuPont repeatedly denied her requests for reasonable accommodation. As a result of DuPont's failure to accommodate Richard, her depression and anxiety worsened, leading to her poor performance and subsequent termination.

Richard also makes a claim for pregnancy discrimination as her depression and anxiety problems were related in part to her second pregnancy.

■ As to the ADA claim, Richard contends the district court erred in holding she was not substantially limited in the major life activity of *working.* This finding constituted error, she alleges, because her claim was that she was substantially limited in the major life activity of *thinking.* Our review of the district court's decision, announced orally after a hearing and followed by a written order denying a motion to alter the judgment, was that the court found no evidence to support that Richard suffered from a disability. Her own physician testified she was not disabled as a result of her depression and was able to function in the workplace. None of the evidence offered by Richard indicates she suffered from a disability that substantially limited her ability to work or think.

Richard relies on a recent decision of this court to support her arguments that the district court erred. *See EEOC v. Chevron Phillips,* 570 F.3d 606 (5th Cir. 2009). In that case, the plaintiff was severely limited in the major life activities of caring for herself, sleeping, and thinking. *Id.* at 615. The plaintiff had to live with her sister as she was unable to cook, shop for food, zip up her own clothes, or use the bathroom without assistance. *Id.* at 617. She slept only one to two hours a night and was unable to remember her son's name on occasion. *Id.* At times, her concentration problems caused her to miss exits while driving and even fall asleep at the wheel. *Id.* Her treating physician indicated her substantial limitations would be permanent and recommended she take a month off work. *Id.* at 609.

By contrast, here the evidence shows Richard's concentration level was sufficient to allow her to manage the construction of her new home, manage her household finances, and care for her son. Additionally, Richard's treating physicians did not consider her depression or anxiety to be disabling. Neither physician suggested Richard seek accommodations from DuPont for her condition. The record does not support a reasonable inference that Richard was substantially limited in the major life activities of working or thinking. DuPont therefore had no duty to make reasonable accommodations.

■ The district court also granted summary judgment to DuPont on Richard's pregnancy discrimination claim. Richard concedes DuPont met its burden to articulate a nondiscriminatory reason for her discharge. Richard therefore was required to support with some evidence

that DuPont's reasons were false *or were a* pretext for the claimed discrimination. *Gowesky v. Singing River Hosp. Systems,* 321 F.3d 503, 511 (5th Cir.2003). She did not present any supporting evidence, and thus there was no dispute of material fact on the point.

The judgment of the district court is AFFIRMED.

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.